John S. Furlong, Furlong & Krasny, West Trenton, NJ, for Appellant.

Before: SLOVITER, AMBRO, Circuit Judges, and RESTANI *, Judge.

## OPINION

RESTANI, Judge.

This appeal challenges a sentence imposed after remand to apply the United States Sentencing Guidelines in an advisory manner as required by *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Defendant Aaron Geddes was found guilty of violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). In calculating the Guidelines range, the District Court imposed a four-level enhancement for using a firearm in connection with another felony. The District Court found that the facts necessary to the enhancement were established by a preponderance of the evidence.

Geddes' sole argument on appeal is that due process requires that if a separate crime is the basis for a sentencing enhancement, the elements of that crime must be found by the trier of fact beyond a reasonable doubt. Sitting *en banc*, we recently rejected this argument, *see United States v. Grier*, 475 F.3d 556 (3d Cir.2007), and held that sentencing enhancements, whether constituting a separate offense or not, do not implicate rights to a jury trial

---

\* Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

1. Judge Sloviter agrees that *Grier* represents the law of the Circuit. Nonetheless, she believes that Geddes' argument represents the

or proof beyond a reasonable doubt.[1] *Id.* at 567.

Accordingly, we will affirm.

FENG CHEN, Petitioner

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 06–2374.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 11, 2007.

Filed: Dec. 20, 2007.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Pamela Perron, Office of United States Attorney, Newark, NJ, Richard M. Evans, Margaret Perry, Paul Fiorino, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SLOVITER, AMBRO, Circuit Judges, and RESTANI *, Judge.

---

better view, as set forth in her dissent in *Grier*.

\* Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

## OPINION

RESTANI, Judge.

Petitioner Feng Chen ("Chen") challenges the decision of the Board of Immigration Appeals ("BIA") upholding denial of asylum. Chen's claim for asylum was grounded on an alleged forced abortion in China and fear of future sterilization or forced abortion based, at least in part, on the birth of her two children in the United States.

The Immigration Judge ("IJ") found Chen not credible with respect to the claim of a past forced abortion. Despite the seeming lack of obstacles to some form of corroboration, Chen produced none. The IJ also noted, among others, significant discrepancies in the Chen's testimony with regard to a prior visa application. We discern no challenge in Chen's opening brief to the IJ's finding of lack of credibility on this point.

Chen's claim to asylum now appears to rest solely on fear of future persecution. We find nothing in the agency record for us to review with regard to her new claim that giving birth in the United States was "other resistance" and that she will continue to resist by refusing to use an IUD. This leaves Chen's claim that bearing children in the United States gives rise to a well-founded fear of persecution on her part as the only matter for our consideration.

There is little evidence in the record on this point. The BIA cited the State Department's 2004 Profile of Country Conditions in China, which reports that official governmental policy forbids physical coercion of abortion or sterilization, and that observers state that the frequency of illegal forced sterilization and abortion is declining. Chen submitted no evidence of current country conditions or any evidence with regard to persecution on account of children born abroad, either generally or as to herself.

Accordingly, we will deny the petition for review.